IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENTRELL HILL                                                                                                    PLAINTIFF

      v.                            Civil No. 1:08-cv-01035

OFFICER REYES, 13th
Judicial Drug Task Force;
DEPUTY JASON DICKINSON,
Ouachita County Sheriff's Office;
MICHAEL BENSON, Former
Captain, Camden Police Department;
and OFFICER READER, Camden
Police Department                                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Kentrell Hill (hereinafter Hill) filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 19, 2008. He proceeds *pro se* and *in forma pauperis.*

The case was filed in the Eastern District of Arkansas. On February 27, 2008, the court directed service of the complaint (Doc. 5). Summons were returned unexecuted as to Defendant Reyes, Defendant Benson, and Defendant Reader (Doc. 13, Doc. 14, and Doc. 15).

On March 10, 2008, a motion to dismiss was filed by separate Defendant Jason Dickinson (Doc. 8). On April 2, 2008, an order was entered transferring the case to this district. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**Background**

According to the allegations of the complaint, on May 3, 2002, the 13th Judicial Drug Task Force, the Camden Police Department, and officers from the Ouachita County Sheriff's Department searched his home in Camden, Arkansas, without a warrant. Hill alleges the officers took all of his money and several home movies of himself and his wife some of which were x-rated.

Hill maintains he did not receive a receipt for any items seized during the search. Hill alleges that no charges were ever filed against him. Despite his attempts to obtain the return of his property, he asserts he has been unable to get Defendants to return it. As relief, Hill asks that Defendants be ordered to return his property and/or that they be ordered to pay for the loss of the property.

**Discussion**

Defendant Jason Dickinson moves for dismissal of the complaint on the grounds that the statute of limitations bars Hill's claims (Doc. 8). Defendant Dickinson points out that the events at issue in the complaint occurred on May 3, 2002, more than three years before the filing of the complaint in this case.

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2002, would be barred by the statute of limitations.

**Conclusion**

I therefore recommend that the motion to dismiss (Doc. 8) be granted and this case be dismissed.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of May 2008.

      /s/ Barry A. Bryant
      BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE