IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KENTRELL HILL                                                          PLAINTIFF


VS.                          CASE NO. 1:08-CV-01035


OFFICER REYES, 13th
Judicial Drug Task Force;
DEPUTY JASON DICKINSON,
Ouachita County Sheriff's Office;
MICHAEL BENSON, Former
Captain, Camden Police Department;
and OFFICER READER, Camden
Police Department                                                     DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on May 21, 2008, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(Doc. 26).  On May 29, 2008, the Plaintiff filed Objections to the Report and Recommendation.

(Doc. 27).  After considering both the Recommendation and Objections, the Court finds and orders

as follows

## BACKGROUND

On February 19, 2008, Plaintiff filled a pro se civil rights action filed pursuant to 42 U.S.C.

§ 1983. In his Complaint, Plaintiff alleges that his constitutional rights were violated on May 3,

2002, when the Defendants entered his home, without a warrant, and took all of his money and

several home movies of himself and his wife, some of which were x-rated.  Plaintiff maintains that

he did not receive a receipt for the items seized, and he has not been able to secure return of the

seized items. Plaintiff also alleges that no charges stemming from this search were ever filed against

him. (Doc. 2). Defendant, Deputy Jason Dickinson, filed a Motion to Dismiss Plaintiff's Complaint on the grounds that the statute of limitations bars Plaintiff's claims. (Doc. 8).

In his Report and Recommendation, Judge Bryant recommends that Defendant Dickinson's Motion to Dismiss be granted and this case be dismissed because any claims based on events that occurred in 2002 are barred by the applicable statute of limitations. (Doc. 26). Plaintiff has filed an Objection to the Magistrate's Recommendation. (Doc. 27).

## DISCUSSION

Section 1983 does not contain its own statute of limitations so the Court must look to "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987) (§ 1981 case); *see also Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942 (1985) ( § 1983 case explaining that the tort action for the recovery of damages for personal injuries is the best statute of limitations available because of the nature of the § 1983 remedy); *Bell v. Fowler,* 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) (2005) is the statute of limitations applicable to § 1983 cases). Therefore, Plaintiff's claim, which is based on events that occurred in 2002, is barred by the applicable three-year statute of limitations.

Plaintiff objects to Judge Bryant's application of the three-year personal injury statute of limitations by asserting that the Court should not apply a statute of limitations enacted by a state specifically for § 1983 claims because this application eliminates the assurance that neutral rules of decision will apply to § 1983 actions in that state. *Arnold v. Duchesne County,* 26 F.3d 982, 987 (10th Cir. 1994). While this is a correct statement of law from the Tenth Circuit, it is not applicable

to the present issue. In *Arnold v. Duchesne County*, the Utah legislature enacted a statute of limitations to apply specifically to § 1983 claims, and the Court held that this act usurped the role of federal law. *Id.* This is not the case here. Arkansas has not enacted a statute of limitations specifically for § 1983 cases. Instead, Judge Bryant in his Recommendation applied the Arkansas statute of limitations for torts in  personal injury claims as directed by the Supreme Court. *Wilson v. Garcia,* 471 U.S. at 268. The Court accepts Judge Bryant's application of the personal injury statute of limitations from Ark. Code Ann. 16-56-105(3) to Plaintiff's § 1983 claim.

Plaintiff also objects on the basis that his claim should not be dismissed  because success on his § 1983 claim would not demonstrate the invalidity of any outstanding criminal judgment against him. *French v. Adams County Detention Ctr.*, 379 F.3d 1158, 1160 (10th Cir. 2004). This assertion is irrelevant because the Court has already determined that Plaintiff's § 1983 claim is time barred by the applicable statute of limitation.

In addition, Plaintiff objects to Judge Bryant's Recommendation because the Court should hold him, a pro se Plaintiff, to less stringent standards than it would a party with legal representation, especially in civil rights cases.  The Plaintiff is partially correct in his assertion. The Court will hold a pro se complaint to less stringent standards than formal pleadings drafted by lawyers when determining whether to dismiss the action for failure to state a claim. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972). However, here Defendant Dickinson's Motion to Dismiss is based on the fact that the events at issue occurred more than three years prior to Plaintiff filing his Complaint. While the Court will apply less stringent standards to Plaintiff's Complaint regarding whether it is artfully plead, it will not disregard the statute of limitations on a claim simply because the Plaintiff is pro se.

Lastly, the Plaintiff objects to Judge Bryant's Recommendation because he believes he is entitled to a grant of equitable tolling. Plaintiff bases this objection on the following assertions: (1) The "Courts" or "Officers" informed him that if charges were going to be filed, it would stop the civil process or "start it at an earlier date;" (2) Plaintiff filed several "Return of Seized Property Claims" within the statute of limitations period on which the Court failed to respond; and (3) "Plaintiff had to wait until the statute of limitations ran out on so called charges that [were] never filed." (Doc. 27).

Equitable tolling is appropriate in two situations: (1) "if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion;" or (2) "if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *U.S. v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006) (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Plaintiff seems to be asserting that the government lulled him into inaction with his first two assertions. Regarding his third claim he asserts that circumstances beyond his control kept him from filing within the three-year statute of limitations.

However, none of Plaintiff's three allegations support a grant of equitable tolling. There is nothing in the record to support Plaintiff's contention that the Court or any of its officers informed him that if charges were filed it would stop the civil process. There are also no filings with the Court of "Return of Seized Property Claims" or any other pleadings made by Plaintiff prior to the February 19, 2008 Complaint. Lastly, the Court is unclear as to what charges the Plaintiff was waiting on the statute of limitations to run before filing this claim, but nevertheless, the Court can find nothing in the record that would support a grant of equitable tolling based on any prior charges. Therefore, Plaintiff has presented no facts to show that there are extraordinary circumstances beyond his control

4

or that he was lulled into inaction by government conduct. Thus, a grant of equitable tolling is not warranted.

## CONCLUSION

Plaintiff's § 1983 claim is time barred by the three-year statute of limitations as to all Defendants. Defendant Dickinson's Motion to Dismiss should be granted, and the case should be dismissed. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation *in toto*.

Defendant Deputy Jason Dickinson's Motion to Dismiss (Doc. 8) is hereby **GRANTED**. Plaintiff's claims against all Defendants are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 5th day of November 2008.

                                        /s/ Harry F. Barnes
_____       Hon. Harry F. Barnes
                                        United States District Judge

5